## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **WILLIE MCNAIR** | * | |
| | * | |
| **Plaintiff/Counter-Defendant** | * | |
| | * | |
| **v.** | * | **No. 2:06-cv-695-WKW** |
| | * | |
| **RICHARD ALLEN, et al.,** | * | |
| | * | |
| **Defendants/Counter-Plaintiffs** | * | |
| _____ | | |
| | | |
| **JAMES CALLAHAN** | * | |
| | * | |
| **Plaintiff/Counter-Defendant** | * | |
| | * | |
| **v.** | * | **No. 2:06-cv-919-WKW** |
| | * | |
| **RICHARD ALLEN, et al.,** | * | |
| | * | |
| **Defendants/Counter-Plaintiffs** | * | |

### PLAINTIFF/COUNTER-DEFENDANT JAMES CALLAHAN'S
### REPLY TO AMENDED ANSWER AND COUNTERCLAIM

Plaintiff James Callahan states as follows in reply to the counterclaim (the "Counterclaim") set forth in Defendants' Amended Answer and Counterclaim, dated December 21, 2006:

### Response to Numbered Paragraphs

1.    The allegations set forth in paragraph 1 of the Counterclaim are legal

1

conclusions to which no response is required, although Plaintiff/Counter-Defendant admits that Defendants/Counter-Plaintiffs purport to bring a declaratory judgment action pursuant to the referenced authority.

2.    Plaintiff/Counter-Defendant admits that Defendants/Counter-Plaintiffs seek an order declaring that the protocol for capital punishment by lethal injection in Alabama entails no constitutional violations, but denies all remaining allegations in paragraph 2 of the Counterclaim.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Plaintiff/Counter-Defendant denies the allegations in paragraph 10 of the Counterclaim except admits that Plaintiff/Counter-Defendant was convicted of capital crimes in the State Courts of Alabama, has been sentenced to death and has been issued a certificate of judgment.

2

11.    Plaintiff/Counter-Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Counterclaim.

12.    Plaintiff/Counter-Defendant admits that the United States Supreme Court issued a decision styled *Hill v. McDonough*, __ U.S. __, 2006 WL 1584710, at *1-9 (June 12, 2006), refers to that decision for its holdings, denies the allegations in paragraph 12 of the Counterclaim to the extent that they are inconsistent with that decision, and admits that he has brought a civil rights action under Title 42 U.S.C. § 1983.

13.    Plaintiff/Counter-Defendant denies the allegations in paragraph 13 of the Counterclaim to the extent that they are inconsistent with *Hill* and refers to that decision for its holdings.

14.    Plaintiff/Counter-Defendant denies the allegations in paragraph 14 of the Counterclaim to the extent that they are inconsistent with the court decisions cited therein and refers to those decisions for their holdings.

15.    Plaintiff/Counter-Defendant denies the allegations in paragraph 15 of the Counterclaim except admits that he has filed a § 1983 claim challenging the manner of lethal injection in Alabama.

16.     Plaintiff/Counter-Defendant denies the allegations in paragraph 16 of the Counterclaim except admits that the constitutionality of Alabama's protocol for execution by lethal injection should be resolved by the courts.

17.     Plaintiff/Counter-Defendant admits that courts around the country are considering the propriety of lethal injection protocols, but denies all other allegations in paragraph 17 of the Counterclaim.

18.     Plaintiff/Counter-Defendant admits that courts have made findings consistent with the allegations in paragraph 18 of the Counterclaim.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     There is no allegation in paragraph 24 of the Counterclaim to admit or deny.

**Count I**

25.     Admitted.

26.     Admitted.

27.     Admitted.

28.     Plaintiff/Counter-Defendant denies the allegations in paragraph 28 of the Counterclaim except admits that there is a real, justiciable case or controversy between the parties and that Defendants/Counter-Plaintiffs purport that Alabama's method of carrying out lethal injection is constitutional in every respect.

29.     Denied.

30.     Plaintiff/Counter-Defendant denies the allegations in paragraph 30 of the Counterclaim except admits that the constitutionality of Alabama's protocol for execution by lethal injection should be resolved by the courts.

**Count II**

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Plaintiff/Counter-Defendant denies the allegations in paragraph 34 of the Counterclaim except admits that there is a real, justiciable case or controversy between the parties and that Defendants/Counter-Plaintiffs purport that Alabama's method of carrying out lethal injection is constitutional in every respect.

35.     Denied.

36.     Plaintiff/Counter-Defendant denies the allegations in paragraph 36 of the Counterclaim except admits that the constitutionality of Alabama's protocol for execution by lethal injection should be resolved by the courts.

### Additional Defenses

1.     Defendants/Counter-Plaintiffs have failed to state a claim on which relief can be granted.

2.     Defendants/Counter-Plaintiffs' Counterclaims are barred by waiver and estoppel.

3.     Defendant/Counter-Plaintiffs' Counterclaims are barred by the doctrine of unclean hands.

4.     Plaintiff/Counter-Defendant reserves the right to seek leave to amend its Reply to Amended Answer and Counterclaim and to assert any other defense or affirmative defense that may arise as the action progresses.

5.     The declaratory judgment sought by the Defendants/Counter-Plaintiffs is unmerited because, as alleged in the Complaint against Defendants, Alabama's manner and method of execution does in fact subject death-sentenced prisoners to a risk of an excruciatingly painful and improperly anesthetized death.  In fact, Alabama executes its citizens by methods considered too cruel to use on dogs by

6

the American Veterinary Medical Association.    Plaintiff/Counter-Defendant hereby incorporates by reference all of the facts and arguments alleged in the Complaint.

WHEREFORE, Plaintiff/Counter-Defendant James Callahan respectfully requests judgment as follows:

(a)    dismissing Defendants/Counter-Plaintiffs' Counterclaim; and

(b)    granting the relief requested in Plaintiff/Counter-Defendant's Complaint dated October 11, 2006; and

(c)    granting such other and further relief as the Court deems just and proper.

Dated:    January 8, 2007

Respectfully submitted,


/s/ Randall S. Susskind
Randall S. Susskind (SUS002)
Equal Justice Initiative of Alabama
122 Commerce St.
Montgomery, AL  36104
Telephone: (334) 269-1803
Facsimile: (334) 269-1806
rsusskind@eji.org

Counsel for James Callahan

CERTIFICATE OF SERVICE

I certify that on January 8, 2007, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:   J. Clayton Crenshaw and James W. Davis.

/s/ Randall S. Susskind
Randall S. Susskind (SUS002)
Equal Justice Initiative of Alabama
122 Commerce St.
Montgomery, AL  36104
Telephone: (334) 269-1803
Facsimile: (334) 269-1806
rsusskind@eji.org

Counsel for James Callahan

8